IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| CEDRICK CHARLES THOMAS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | No. 4:24-cv-00445-SMR-SBJ |
| | ) | |
| v. | ) | |
| | ) | **INITIAL REVIEW ORDER** |
| POLK COUNTY JAIL and POLK COUNTY CLERK OF COURTS, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff Cedrick Thomas, Jr. brings this pro se complaint under 42 U.S.C. § 1983. ECF No. 1 at 3. Thomas also moves for leave to proceed in forma pauperis, ECF No. 2, and moves for the appointment of counsel. ECF No. 3. For reasons that follow, the Court **DISMISSES** Thomas's complaint, **GRANTS** his motion for leave to proceed in forma pauperis, and **DENIES** his motion to appoint counsel as moot.

**I. INITIAL REVIEW STANDARDS**

The Prison Litigation Reform Act requires federal courts to review all prisoner complaints filed against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). On review, the Court must identify the cognizable claims or dismiss the complaint, or any part of it, that it determines (a) is frivolous or malicious, (b) fails to state a claim upon which relief may be granted, or (c) seeks monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b).

A claim is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard requires a plaintiff to show at the

pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A pro se complaint "must be held to 'less stringent standards than formal pleading drafted by lawyers.'" *Rinehart v. Weitzell*, 964 F.3d 684, 687 (8th Cir. 2020) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)). The Court must weigh all factual allegations in favor of the plaintiff unless the facts alleged are clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (determining what is "clearly baseless" is left to discretion of court ruling on *in forma pauperis* petition). Although Federal Rule of Civil Procedure 8(a)(2) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678–79 (citations omitted).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A complaint states a plausible claim for relief when its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

## II. DISCUSSION OF CLAIM

Thomas has been a pre-trial detainee in the Polk County Jail in Des Moines, Iowa, since 2022. *See* ECF No. 1 at 4. Thomas alleges that Polk County Jail staff have opened his "legal mail" outside of his presence several times since December of 2022. *See id.* at 4, 13–14. Thomas filed a complaint with the Iowa Office of Ombudsman in August of 2024. *See id.* at 16. Thomas told the Ombudsman's

office that "staff at the Polk County Jail . . . opened [Thomas's] legal mail three to four times since [Thomas] contacted [the Ombudsman's office] about a similar problem in September of [2023]." *Id.* Thomas indicated to the Ombudsman's office that "staff first told [Thomas] the mail had been addressed to the 'warden' of the Jail, but later told [Thomas] the mail was actually delivered already opened from the Polk County Clerk of Court." *Id.* Thomas informed the Ombudsman's office that he would prefer to resolve his complaint with a lawsuit. *Id.* An Assistant Ombudsman wrote Thomas a letter in September of 2024, declining further review of Thomas's complaint because he could not assist him with any lawsuit. *Id.*

After receiving the letter from Ombudsman's office, Thomas raised the issue of his opened legal mail with a state court judge in October of 2024. *Id.* at 15. The judge directly contacted the chief of the Polk County Jail to discuss the problem. *See id.* A lieutenant from the Polk County Jail subsequently wrote a letter to the judge that was filed in Thomas's pending criminal case.[1] In that letter, the lieutenant indicated that jail staff discovered "four separate incidents regarding [Thomas's] legal mail being opened, but none were opened by our jail staff." The state judge then ordered that if the Polk County Sheriff or Polk County Clerk of Court received any mail addressed to Thomas marked "legal mail," these offices were to follow the protocol for opening legal mail set forth in the lieutenant's letter to the judge. *See id.*

Thomas now sues the Polk County Jail and the Polk County Clerk of Court for violation of his constitutional rights. *See id.* at 1–3. Thomas seeks $150,000,000 in damages. *Id.* at 14.

In an action brought under 42 U.S.C. § 1983, Thomas "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)

---

[1] The Court takes judicial notice of court records in *State v. Thomas*, FECR362498 (Polk Co. 2022). *See Stutzka v. McCarvile*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

(citation omitted; emphasis added). The Polk County Jail is not considered a "person" under 42 U.S.C. § 1983 and therefore cannot be sued. *See Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amendable to suit."); *De La Garza v. Kandiyohi County Jail*, 18 Fed. Appx. 436 (8th Cir. 2001) (*per curiam*) (affirming dismissal of county jail on grounds that a jail is not an entity subject to suit under § 1983).

While "the Polk County Clerk of Court" usually refers to a governmental office, *see*, *e.g.*, *Lee v. State*, 844 N.W.2d 668, 670 (Iowa 2014) (referring to the "the Polk County Clerk of Court Office"), the Polk County Clerk of Court is also a person. But "[f]or court clerks, absolute immunity has been extended to acts that are discretionary, taken at the direction of a judge, or taken according to court rules." *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 928 (8th Cir. 2020). Sending mail to a prisoner is a discretionary act, *see*, *e.g.*, *Gardner v. Howard*, 109 F.3d 427, 431 n.1 (8th Cir. 1997) (prison mail clerk's handling of incoming mail was discretionary act), entitling the Clerk of Court to absolute immunity.

Even if the Clerk of Court is not protected by absolute immunity, the Eighth Circuit has "extended quasi-judicial immunity to court clerks" in similar situations. *See Hamilton*, 948 F.3d at 928 (extending quasi-judicial immunity to court clerk who judge had authorized to "use her discretion to issue and set warrants with bond conditions") (citing *Boyer v. Cty. of Washington*, 971 F.2d 100, 102 (8th Cir. 1992) (clerk entitled to quasi-judicial immunity for signing and issuing an invalid arrest warrant, regardless of whether judge instructed her to do so, because the acts were "integral parts of the criminal judicial process"); *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988) (clerk entitled to quasi-judicial immunity for issuing an arrest warrant at the direction of a judge)).

"Quasi-judicial immunity extends immunity to officials other than judges who exercise a discretionary judgment comparable to that of a judge as part of their official function." *Hunt v. Acosta*, 109 F.4th 1003, 1007 (8th Cir. 2024) (citing *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436

(1993)). "This immunity can extend to court employees or other government employees when they perform acts closely related to the judicial function, such as carrying out a judge's order." *Id.* (citing *Hamilton*, 948 F.3d at 928 (noting absolute immunity has been extended to acts that are discretionary, taken at the direction of a judge, or taken according to court rules); *Rogers*, 841 F.2d at 856 (stating clerks of court are immune from actions arising out of acts they were required to perform under court order or at a judge's direction)).

Extension of quasi-judicial immunity to court clerks turns on whether a court clerk's actions are "integral parts of the criminal judicial process," *Boyer*, 971 F.2d at 102, such as issuance of arrest warrants, *see id.*, or "the filing of complaints and other documents." *Smith v. Erickson,* 884 F.2d 1108, 1111 (8th Cir. 1989). Because sending documents—including mail—to litigants is as much an "integral part of the judicial process," *Boyer*, 971 F.2d at 102, as issuing arrest warrants or filing documents, the Clerk of Court is protected from suit, at minimum, by quasi-judicial immunity.

Even if the Clerk of Court is not immune from suit, there are still other reasons why Thomas's claim fails. First, "§ 1983 liability is personal." *Doran v. Eckold*, 409 F.3d 958, 965 (8th Cir. 2005) (en banc). Thus, "[t]o prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017). Thomas does not allege in his complaint who from the Clerk of Court's office opened his mail. If anyone other than *the* Clerk of Court sent the mail, *the* Clerk of Court cannot be sued for damages because "an official 'is only liable for his [or her] . . . own misconduct' and is not 'accountable for the misdeeds of [his] [or her] agents' under a theory such as respondeat superior or supervisor liability." *Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 928 (8th Cir. 2010) (quotation omitted; first and third alteration added). If *the* Clerk of Court sent the mail, then Thomas must allege that in his complaint. He does not. Thus, he cannot establish personal involvement to pursue damages.

Lastly, the nature of the "legal mail" at issue is unclear. The United States Supreme Court has held that an inmate's privileged mail may not be opened for inspections for contraband outside the presence of the inmate and has defined privileged mail as "mail to or from an inmate's attorney and identified as such." *Wolff v. McDonnell*, 418 U.S. 539, 574, 576–77 (1974); *see also Cody v. Weber*, 256 F.3d 764, 768 (8th Cir. 2001). In *Harrod v. Halford*, 773 F.2d 234, 236 (8th Cir. 1985), the Eighth Circuit held that "the mere fact that a letter comes from a legal source is insufficient to indicate that it is confidential and requires special treatment." The *Harrod* court found it permissible for a correctional facility to open letters not properly marked as "confidential" as required by the facility's policy even though the letters were sent by the clerk of the district court, a district judge, a magistrate judge, the United States Department of Justice, the county corrections department, the bureau of community correctional services, and a law firm. *Id.*

Thomas does not describe the contents of the "legal mail" that was opened. He does not allege the envelope alerted Defendants that the mail met the criteria for treatment as privileged mail. Although "[p]rivileged prisoner mail, that is mail to or from an inmate's attorney and identified as such, may not be opened for inspections for contraband except in the presence of the prisoner," *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir. 1981) (citing *Wolff*, 418 U.S. at 576–77), the same is not true for court documents. *See, e.g.*, *Moore v. Rowley*, 126 F. App'x 759, 760 (8th Cir. 2005) (*per curiam*) (holding that a prisoner had no constitutional right to have his bankruptcy petition mailed without being inspected first). Thus, if the Clerk of Court mailed opened envelopes containing court documents to Thomas, this would not violate his constitutional rights under *Wolff*. Because the nature of the "legal mail" is unclear from the complaint —whether it was court documents from the Clerk of Court or some other governmental agency or correspondence from Thomas's attorney—he has failed to state alleged a violation of his constitutional rights. Accordingly, Thomas's complaint must be dismissed.

6

### III. SUMMARY AND CONCLUSION

For the reasons given above,

**IT IS ORDERED** that Thomas's complaint, ECF No. 1, is **DISMISSED**. *See* 28 U.S.C. § 1915A(b) (court shall dismiss complaint on initial review if complaint is frivolous, malicious, fails to state claim or seeks monetary relief from defendant who is immune).

**IT IS FURTHER ORDERED** that Thomas's request for permission to proceed in forma pauperis, ECF No. 2, is **GRANTED**. Based on the information submitted, *id.*, the Court does not assess Thomas an initial filing fee. The remainder of the $350.00 fee owed shall be paid to the Clerk of Court from the prisoner's account in accordance with 28 U.S.C. § 1915(b). Thomas is proceeding in forma pauperis and is not assessed the $55.00 administrative fee. A notice of this obligation shall be sent to the appropriate prison official.

**IT IS FURTHER ORDERED** that Thomas's motion to appoint counsel, ECF No. 3, is **DENIED** as moot.

**IT IS SO ORDERED**.

Dated this 8th day of January, 2025.

_____
STEPHANIE M. ROSE, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA